UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

STATE NATIONAL INSURANCE COMPANY, INC.              Civil Case No.: _____

                          Plaintiff,               **COMPLAINT FOR**
                                                    **DECLARATORY**
            v.                                      **JUDGMENT WITH**
                                                    **JURY DEMAND**

STATE FARM FIRE AND CASUALTY COMPANY,

                          Defendant.
-----------------------------------------------------------------------x

Plaintiff, STATE NATIONAL INSURANCE COMPANY, INC. ("SNIC"), by and through its attorneys, STEWART SMITH, alleges the following as its Complaint for Declaratory Judgment against defendant STATE FARM FIRE AND CASUALTY COMPANY ("SFFCC"):

<u>**Nature of the Action**</u>

1.      This is an action for declaratory relief and contribution arising from the breach of SFFCC's obligations to provide additional insured coverage under two general liability policies that it issued to A Ostreicher Construction Corp. ("AOCC"), in connection with two construction site accidents involving two AOCC employees, Denis Lopez and Ramon Duran, and their subsequent lawsuits.

2.      AOCC was a subcontractor that contracted to perform certain construction work at a project located at 123 Melrose Street in Brooklyn, New York (the "Project").  In its subcontract, AOCC agreed to provide primary and non-contributory additional insured coverage for certain entities that were subsequently sued by the two AOCC employees.

3.      SFFCC issued two consecutive commercial general liability policies to AOCC, the first of which was in effect on the date of Mr. Lopez's alleged injury, and the second of which was in effect on the date of Mr. Duran's alleged injury.

4.     SFFCC is obligated to provide additional insured coverage to the certain entities that were sued in the *Lopez* and *Duran* lawsuits, but SFFCC has breached its policies and has failed to defend and indemnify such certain entities in the *Lopez* and *Duran* lawsuits.

5.     SNIC issued a commercial general liability insurance policy to its named insureds Evergreen Gardens I LLC ("Evergreen Gardens I"), Evergreen Gardens II LLC ("Evergreen Gardens II"), Brooklyn GC LLC ("Brooklyn GC"), and Apartment Developers LLC ("Apartment Developers") (collectively, the "Evergreen parties"), and SNIC has been providing a defense to the Evergreen parties in the *Lopez* and *Duran* lawsuits, despite SFFCC's obligation to do so.

6.     SNIC is entitled to (1) a judgment declaring that the Evergreen parties are additional insureds under the SFFCC policies in connection with the *Lopez* and *Duran* lawsuits; (2) that SFFCC is obligated to defend the Evergreen parties in the *Lopez* and *Duran* lawsuits, on a primary and non-contributory basis, (3) a judgment declaring that SFFCC is obligated to indemnify the Evergreen parties, on a primary and non-contributory basis, for liability incurred in the *Lopez* and *Duran* lawsuits, and (4) reimbursement from SFFCC for all defense costs incurred by SNIC on behalf of the Evergreen parties in connection with the *Lopez* and *Duran* lawsuits, from the date of first tenders, including interest from the date of SNIC's payment of each invoice, at the statutory rate of nine percent (9%) per year.

**<u>The Parties</u>**

7.     Plaintiff, SNIC, is and at all pertinent times was a foreign business corporation, duly organized under the laws of the State of Texas, with its principal place of business located at 1900 L Don Dodson Drive, Bedford, Texas 76021.  SNIC is authorized to conduct, and does conduct, business in New York.  SNIC issued a CGL policy to the Evergreen parties in New York.

8.      Defendant, SFFCC, is and at all pertinent times was a foreign business corporation, duly organized under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.  SFFCC is authorized to conduct, and does conduct, business in New York.

## Jurisdiction and Venue

9.      Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201, because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000.  An  actual controversy exists between the parties regarding their respective rights and obligations under the relevant insurance policies.

10.     Personal jurisdiction over SFFCC is proper, in that it transacts and/or conducts insurance business in the State of New York.

11.     Venue is proper under 28 U.S.C.A. § 1391, because the accidents alleged in the *Lopez* and *Duran* lawsuits giving rise to the instant insurance coverage lawsuit took place within this district and because the *Lopez* and *Duran* lawsuits were filed in Kings County, within this district.

## The *Lopez* and *Duran* Lawsuits

12.     SNIC seeks a declaratory judgment concerning SFFCC's coverage obligations with respect to two lawsuits: (1) Mr. Lopez's lawsuit, captioned *Denis Lopez v. Brooklyn GC LLC, Evergreen Gardens I LLC, and Evergreen Gardens II LLC*, filed at Index No. 502246/2019, in the Supreme Court of the State of New York in Kings County (the "*Lopez* Lawsuit"), and (2) Mr. Duran's lawsuit, captioned *Ramon Duran v. Evergreen Gardens I LLC, Brooklyn GC LLC, and Apartment Developers LLC*, filed at Index No. 520904/2019, in the Supreme Court of the State of New York in Kings County (the "*Duran* Lawsuit").  *See Lopez* Verified Complaint (true and

correct copy attached as **Exhibit A**); *Duran* Verified Complaint (true and correct copy attached as **Exhibit B**).

13.     The *Lopez* and *Duran* Lawsuits both allege that Evergreen Gardens I and/or Evergreen Gardens II was the Owner of the Project, and that Brooklyn GC was the General Contractor for the Project that hired their employer as a subcontractor.  *See* **Exhibit A** (*Lopez* Complaint), ¶¶ 24, 29, 34-36, 40; **Exhibit B** (*Duran* Complaint), ¶¶ 6, 34, 37, 45.

### The *Lopez* Lawsuit

14.     In the *Lopez* Lawsuit against certain of the Evergreen parties, Mr. Lopez alleged that he was injured on November 23, 2018, when he was working in the scope of his employment as a construction worker for subcontractor AOCC at the Project at 80-88 Evergreen Avenue in Brooklyn, New York, which is also known as 123 Melrose Street.  *See* **Exhibit A** (*Lopez* Complaint), ¶¶ 24, 43-46, 53-55.

15.     At his deposition, Mr. Lopez testified that he was injured when he fell from a scaffold that was provided to him by his AOCC supervisor, Roberto Castillo, who had also joined Mr. Lopez on the scaffold's platform prior to Mr. Lopez's accident that day.  *See* Lopez Deposition, at 19, 22, 37-40, 45-48 (true and correct copy of pertinent pages attached as **Exhibit C**).

16.     After the Evergreen parties filed a third-party action against AOCC in the *Lopez* Lawsuit, SFFCC failed to defend its own insured, and a Default Judgment Order was entered against AOCC on January 20, 2021, with an inquest to be held at the time of trial.  *See* Order with Notice of Entry (true and correct copy attached as **Exhibit D**).

17.     SNIC subsequently settled the *Lopez* Lawsuit with an indemnity payment of $150,000.00, in March 2021.

## The *Duran* Lawsuit

18.     In the *Duran* Lawsuit against certain of the Evergreen parties, Mr. Duran alleged that he was injured on March 25, 2019, when he was working in the scope of his employment as a construction worker at 123 Melrose Street in Brooklyn, New York.  *See* **Exhibit B** (*Duran* Complaint), ¶¶ 6, 46.

19.     While Mr. Duran's complaint did not identify his employer, his Verified Bill of Particulars stated that he was working for ESNA Construction Corp. ("ESNA") at the time of his accident.  *See Duran* Verified Bill of Particulars, ¶ 14 (true and correct copy attached as **Exhibit E**).

20.     Although Mr. Duran alleged that he was working for ESNA at the time of his accident, Mr. Duran's worksite photo identification card shows that his employer at the worksite was actually AOCC.  *See* Duran ID Card, Duran Photo, and Duran Worksite ID (true and correct copies attached as **Exhibit F**).

21.     At his deposition, Mr. Duran testified that his accident occurred when a fellow worker lost his grip and could no longer hold on to a long marble block that both of them were moving by hand, causing the block to fall and injuring the ring finger of Mr. Duran's right hand. *See* Duran Deposition, at 57-61 (true and correct copy of pertinent pages attached as **Exhibit G**).

22.     After the Evergreen parties filed a third-party action against AOCC in the *Duran* Lawsuit, SFFCC again failed to defend its own insured, and a Default Judgment Order was entered against AOCC on September 25, 2020, with an inquest to be held at the time of trial.  *See* Order with Notice of Entry (true and correct copy attached as **Exhibit H**).

**The Subcontract Agreement**

23.     On February 9, 2018, AOCC provided an Estimate to Brooklyn GC to perform construction work at the Project.  *See* Estimate (true and correct copy attached as **Exhibit I**).

24.     On March 21, 2018, AOCC and Brooklyn GC executed the Estimate for AOCC to perform construction work at the Project.  *See* **Exhibit I** (Estimate).

25.     On May 8, 2018, AOCC entered into a Subcontract Agreement with Bushwick GC LLC and BGC LLC (collectively, "Bushwick"), in connection with the construction work that it had contracted to perform at the Project under the Estimate.  *See* Subcontract Agreement (true and correct copy attached as **Exhibit J**).

26.     Under the Subcontract Agreement, AOCC was required to obtain and maintain a comprehensive general liability policy which "shall include … additional insured coverage for the benefit of the Contractor, Owner and anyone else the Owner is required to name (as set forth in the schedule below)" and which "shall be PRIMARY AND NON-CONTRIBUTORY."  The "List of Indemnified Parties and Additional Insureds" includes the Evergreen parties that Mr. Duran and/or Mr. Lopez have sued.  *See* **Exhibit J** (Subcontract Agreement), ¶¶ 2 & 2.1, and List of Indemnified Parties and Additional Insureds.

27.     At all pertinent times, it was AOCC's and the Evergreen parties' intention that the Evergreen parties would be named as additional insureds under a CGL insurance policy issued to AOCC; that such additional insured coverage would be primary and non-contributory; and that the Evergreen parties' own insurance would be excess to AOCC's insurance.

**The Insurance Policies**

28.     SFCC issued two comprehensive general liability (CGL) insurance policies to AOCC – (1) policy number 92-CE-C550-3, for the policy period from January 1, 2018 to January

1, 2019 (the "2018 SFFCC Policy"), and (2) policy number 92-CE-D204-6, for the policy period from January 1, 2019 to January 1, 2020 (the "2019 SFFCC Policy").  *See* AOCC 2018 and 2019 Certificates of Insurance (true and correct copies attached as **Exhibit K**).

29.     The 2018 SFFCC Policy was in force and effect on November 23, 2018, the accident date alleged in the *Lopez* Lawsuit.

30.     The 2019 SFFCC Policy was in force and effect on March 25, 2019, the accident date alleged in the *Duran* Lawsuit.

31.     SNIC issued CGL policy number CTM 1501392 to each of the Evergreen parties named as defendants in the *Lopez* and *Duran* Lawsuits, for the policy period from November 30, 2015 to May 30, 2019, for a designated ground-up construction project located at 123 Melrose Street in Brooklyn, New York (the "SNIC Policy").

32.     Because SFFCC breached its obligations under the 2018 SFFCC Policy, SNIC defended the Evergreen parties in the *Lopez* Lawsuit and settled that Lawsuit.

33.     Because SFFCC breached its obligations under the 2019 SFFCC Policy, SNIC has been defending the Evergreen parties in the *Duran* Lawsuit.

### Tenders to SFFCC

34.     By letter dated March 19, 2019, defense counsel first tendered the *Lopez* Lawsuit to AOCC, and copied State Farm on the letter, demanding additional insured coverage and a defense and indemnification for the Evergreen parties in the *Lopez* Lawsuit.  *See* March 19, 2019 letter from Brian S. Gitnik, Esquire to AOCC, with a copy to State Farm (true and correct copy attached as **Exhibit L**).

35.     To this date, neither AOCC nor State Farm ever responded to the March 19, 2019 tender concerning the *Lopez* Lawsuit.

36.     SFFCC breached its contractual obligations by ignoring and failing to respond to the tender for additional insured coverage and defense and indemnification for the Evergreen parties in the *Lopez* Lawsuit.

37.     By letter dated August 12, 2019, SNIC first tendered the *Duran* Lawsuit to AOCC and State Farm, demanding additional insured coverage and a defense and indemnification for the Evergreen parties in the *Duran* Lawsuit, and the following day, defense counsel likewise tendered the *Duran* Lawsuit to AOCC with a copy to State Farm. *See* August 12, 2019 letter from James Ferrari to AOCC and Larissa Buerano at State Farm, and August 13, 2019 letter from Justin T. Shain, Esquire to AOCC, with a copy to State Farm (true and correct copies of both letters attached as **Exhibit M**).

38.     To this date, neither AOCC nor State Farm ever responded to the August 12, 2019 or August 13, 2019 tenders concerning the *Duran* Lawsuit.

39.     SFFCC breached its contractual obligations by ignoring and failing to respond to the tenders for additional insured coverage and defense and indemnification for the Evergreen parties in the *Duran* Lawsuit.

40.     SNIC has no adequate remedy at law, and it respectfully requests a declaration of its rights and those of SFFCC under CPLR § 3001, including, but not limited to, a declaration (1) requiring that SFFCC defend and indemnify the Evergreen parties on a primary, non-contributory basis for the *Duran* Lawsuit; (2) declaring that the Evergreen parties' coverage under their SNIC Policy is excess to their coverage under the SFFCC Policies; (3) requiring that SFFCC pay any verdict, judgment or settlement in the *Duran* Lawsuit; and (4) requiring that SFFCC reimburse SNIC for all defense costs that it incurred in defending the Evergreen parties in the *Lopez* and

*Duran* Lawsuits, from the date of first tender of each Lawsuit to the present; and (5) requiring that SFFCC reimburse SNIC for SNIC's indemnity settlement payment in the *Lopez* Lawsuit.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment – Duty to Defend Additional Insureds**
**The Evergreen Parties in the *Lopez* and *Duran* Lawsuits)**

41.     SNIC repeats and realleges each and every allegation made in paragraphs designated "1" through "40" inclusive, with the same force and effect as if set forth herein.

42.     The Evergreen parties qualify as additional insureds under the 2018 SFFCC Policy and the 2019 SFFCC Policy.

43.     The allegations in the *Lopez* and *Duran* Lawsuits against the Evergreen parties are covered within the terms of the SFFCC Policies.

44.     Pursuant to the terms of the SFFCC Policies and under the application of New York law, SFFCC has an obligation to defend the Evergreen parties in the *Lopez* and *Duran* Lawsuits.

45.     SNIC timely demanded that SFFCC defend and indemnify the Evergreen parties on a primary, non-contributory basis against the claims asserted against them in the *Lopez* and *Duran* Lawsuits.

46.     SFFCC has failed, and continues to fail, to defend the Evergreen parties in the *Lopez* and *Duran* Lawsuits.

47.     As a direct result of SFFCC's failure to defend the Evergreen parties in the *Lopez* and *Duran* Lawsuits on a primary and non-contributory basis, SNIC has defended and is currently defending the Evergreen parties in the *Lopez* and *Duran* Lawsuits.

48.     Based on the foregoing, SNIC respectfully requests a judgment declaring that SFFCC is obligated to defend the Evergreen parties in the *Lopez* and *Duran* Lawsuits, on a primary and non-contributory basis.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment – Duty to Indemnify for the *Lopez* and *Duran* Lawsuits)

49.    SNIC repeats and realleges each and every allegation made in paragraphs designated "1" through "48" inclusive, with the same force and effect as if set forth herein.

50.    Pursuant to the terms of the SFFCC Policies, SFFCC has an obligation to indemnify the Evergreen parties in the *Lopez* and *Duran* Lawsuits, on a primary and non-contributory basis, for all amounts for which the Evergreen parties become legally obligated to pay as damages because of bodily injury in connection with the *Lopez* and *Duran* Lawsuits.

51.    SFFCC has failed to acknowledge its obligation to indemnify the Evergreen parties in connection with the *Lopez* and *Duran* Lawsuits.

52.    Based on the foregoing, SNIC respectfully requests a judgment declaring that SFFCC is obligated to indemnify the Evergreen parties in the *Lopez* and *Duran* Lawsuits, including the *Lopez* settlement, on a primary and non-contributory basis.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Judgment – Reimbursement of Defense and Indemnity Costs for the *Lopez* and *Duran* Lawsuits)

53.    SNIC repeats and realleges each and every allegation made in paragraphs designated "1" through "52" inclusive, with the same force and effect as if set forth herein.

54.    Pursuant to the terms of the SFFCC Policies and under the application of New York law, SFFCC has an obligation to defend the Evergreen parties in the *Lopez* and *Duran* Lawsuits, on a primary and non-contributory basis.

55.    SNIC has incurred, and continues to incur, expenses including, but not limited to, attorneys' fees and other costs in connection with its defense of the Evergreen parties in the *Lopez* and *Duran* Lawsuits.

56.      SNIC is entitled to the reimbursement by SFFCC of all of the attorneys' fees and other costs that it has incurred in connection with its defense of the Evergreen parties in the *Lopez* and *Duran* Lawsuits, from the date of first tender to SFFCC for each Lawsuit, together with interest from the date of SNIC's payment of each invoice, at the statutory rate of nine percent (9%) per year.

57.      SNIC is also entitled to the reimbursement by SFFCC of the indemnity settlement payment that SNIC made to settle the *Lopez* Lawsuit, together with interest from the date of SNIC's payment thereof, at the statutory rate of nine percent (9%) per year.

58.      Based on the foregoing, SNIC respectfully requests a judgment declaring that SFFCC is obligated to reimburse SNIC for all of the attorneys' fees and costs that it incurred defending the Evergreen parties in the *Lopez* and *Duran* Lawsuits, from the date of first tender to SFFCC for each Lawsuit, together with interest from the date of SNIC's payment of each invoice, at the statutory rate of nine percent (9%) per year.

59.      Based on the foregoing, SNIC also respectfully requests a judgment declaring that SFFCC is obligated to reimburse SNIC for the indemnity settlement payment that SNIC made to settle the *Lopez* Lawsuit, together with interest from the date of SNIC's payment thereof, at the statutory rate of nine percent (9%) per year.

## **DEMAND FOR JURY TRIAL**

60.      SNIC hereby demands a trial by jury in this action for all issues triable by jury.

**WHEREFORE**, Plaintiff SNIC hereby demands judgment against Defendant SFFCC, as follows:

a.   Declaring that the Evergreen parties are additional insureds under the SFFCC Policies with respect to the *Lopez* and *Duran* Lawsuits;

b.  Declaring that SFFCC has a duty to defend the Evergreen parties in the *Lopez* and *Duran* Lawsuits, on a primary and non-contributory basis;

c.  Declaring that SFFCC is obligated to indemnify the Evergreen parties in connection with the *Lopez* and *Duran* Lawsuits, on a primary and non-contributory basis;

d.  Awarding damages in favor of SNIC and against SFFCC, for all of the attorneys' fees and costs that SNIC incurred defending the Evergreen parties in the *Lopez* and *Duran* Lawsuits, from the date of first tender to SFFCC (*i.e.*, from March 19, 2019 for the *Lopez* Lawsuit, and from August 12, 2019 for the *Duran* Lawsuit), together with interest from the date of SNIC's payment of each invoice, at the statutory rate of nine percent per year;

e.  Awarding damages in favor of SNIC and against SFFCC, for the indemnity settlement payment made by SNIC to settle the *Lopez* Lawsuit, together with interest from the date of SNIC's payment thereof, at the statutory rate of nine percent (9%) per year;

f.  Awarding SNIC the costs of suit incurred herein; and

g.  Awarding SNIC such other and further relief as this Court deems just and proper.


Dated:  September 8, 2022
        West Conshohocken, Pennsylvania

                              STEWART SMITH


                         By:  _____/s/ Nancy S. Portney_____
                              Nancy S. Portney (NY Bar #5726880)
                              300 Four Falls Corporate Center, Suite 670
                              West Conshohocken, PA  19428
                              Phone: 484-344-5323
                              Fax:    484-534-9470
                              Email: nportney@StewartSmithLaw.com
                              *Attorneys for Plaintiff,*
                              *State National Insurance Company*


12